IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-449-BO

| | |
|---|---|
| MONITECH INC., a North Carolina Corporation,<br>       Plaintiff,<br>v.<br><br>MICHAEL D. ROBERTSON,<br>Commissioner of the North Carolina<br>Division of Motor Vehicles,<br>       Defendant. | ORDER |

This matter is before the Court on Defendant's Motion to Dismiss [DE 6] and Plaintiff's Motion for Preliminary Injunction [DE 8]. A hearing was held before the undersigned on December 14, 2011, at Raleigh, North Carolina, and these matters are ripe for ruling. For the reasons discussed below, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Preliminary Injunction is denied.

## BACKGROUND

The state of North Carolina provides that some drivers are required, either by court order or by statute, to have a breath alcohol ignition interlock device (BAIID) installed on their vehicles. By detecting alcohol and determining alcohol concentrations present in drivers' breath, BAIIDs prevent drivers whose breath contains an amount of alcohol in excess of a predetermined level from starting their vehicles. BAIIDs also require drivers to provide breath samples after the vehicle has been started and that the motor of a vehicle equipped with a BAIID be turned off and

started again every hour. BAIIDs also have the capacity to collect and store data, including drivers' breath alcohol levels and tampering attempts.

Plaintiff claims that in 1989 it co-founded, along with the Department of Motor Vehicles (DMV or Defendant), the Ignition Interlock Program of North Carolina, and that it has been providing BAIIDs along with monitoring and reporting services since that time. In 1996, DMV awarded Plaintiff a sole-source contract to provide BAIIDs. This contract was extended for two additional three-year periods in 1999 and 2002. Although DMV determined to allow for additional BAIID providers in 2004, Plaintiff remained the only certified BAIID provider and was awarded another three-year (though not sole-source) contract in 2005. Following two month-to-month extensions at the expiration of Plaintiff's 2005 contract, Plaintiff was provided with and accepted a one-year extension of its contract on December 30, 2008.

On December 18, 2008, DMV issued new guidelines for certification and request for certification (2008 RFC), to which Plaintiff responded on February 2, 2009. A competitor of Plaintiff, Smart Start, also responded to the 2008 RFC and was not certified by Defendant to provide BAIIDs. Following its denial, Smart Start filed sued against Defendant, and Defendant ultimately terminated the 2008 RFC in March 2010. In February 2011, Defendant published its Ignition Interlock Standards and Procedures and stated therein that it would no longer contract with vendors to provide BAIIDs and BAIID services.

Plaintiff filed this action on August 24, 2011, seeking declaratory judgment and alleging that Defendant had deprived Plaintiff of its constitutionally protected rights to procedural and substantive due process and to equal protection of the law. On September 12, 2011, Defendant moved to dismiss Plaintiff's complaint. On October 12, 2011, Plaintiff filed its Motion for

2

Case 5:11-cv-00449-BO   Document 22   Filed 01/20/12   Page 2 of 8

Preliminary Injunction, seeking to enjoin Defendant *pendente lite* from cancelling the 2008 RFC and Plaintiff's month-to-month contract with the DMV.

## DISCUSSION

Defendant has moved to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff lacks standing to bring the claims alleged in its complaint, that the complaint fails to state a plausible claim that Plaintiff was denied equal protection of the laws, and that Plaintiff has not alleged claims on which relief may be granted insofar as they would require the Court to create a contract.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.*, citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

The Court finds that Plaintiff indeed lacks standing to bring this action with regard to its

due process claims as it has failed to allege any injury in fact which might be redressable by the Court. The standing doctrine curtails the types of disputes that an Article III court can decide; it does so by requiring courts to hew to their express constitutional mandate of resolving "cases" and "controversies." U.S. Const. art. III, §2, cl. 1; *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth*, 422 U.S. at 498. An affirmative answer to this question requires a plaintiff to demonstrate at least three "irreducible constitutional minimum" requirements:

> First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted). Standing is determined at the commencement of suit. *Id.* at 570 n.5.

The harm of which Plaintiff complains is Defendant's termination of the 2008 RFC, alleging that in so doing Defendant invaded its legally protected procedural and substantive due process rights. To make a valid procedural due process claim, Plaintiff must show that it had a property interest, of which it was deprived by Defendant without due process of law. *Tri County Paving, Inc. v. Ashe Cnty.*, 281 F.3d 430, 436 (4th Cir. 2002). To make a valid substantive due process claim, Plaintiff must show that it had either property or a property interest, of which it was deprived by Defendant, where Defendant's actions "f[e]ll so far beyond the outer limits of a legitimate governmental action that *no process* could cure the deficiency." *Sylvia Dev. Corp. v.*

4

*Calvert Cnty.*, 48 F.3d 810, 827 (4th Cir. 1995). Accordingly, in order to show that it has suffered or will imminently suffer harm from the termination of the 2008 RFC, Plaintiff must sufficiently allege that its procedural or substantive due process rights were violated; Plaintiff's procedural and substantive due process rights are implicated *only if* Plaintiff had a property interest in the 2008 RFC that is protected under the 14th Amendment.

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 576 (1972). In order to show that it has a property interest in a benefit, a party "must have more than a unilateral expectation of it . . . [and] must, instead, have a legitimate claim of entitlement to it." *Id.* at 577. Substantiative due process "is a far narrower concept than procedural; it is an absolute check on certain government actions notwithstanding the fairness of the procedures used to implement them." *Id.* (quoting *Love v. Pepersack*, 47 F.3d 120, 122 (4th Cir. 1995)) (internal quotation omitted).

Plaintiff was, at one time, the sole provider of BAIIDs for use by Defendant. Beginning in 2004, however, Defendant opened the BAIID bidding process in order to allow for competition by other BAIID manufacturers that gained state certification. Although at that time no other BAIID manufacturer was certified, and Plaintiff remained the only BAIID provider in the state, the field had been opened and Plaintiff was on notice that it would no longer provide BAIID equipment and services under a sole-source contract with Defendant. With regard to Plaintiff's specific complaint about the cancellation of the 2008 RFC, the Court fails to see how this action affected any property interest held by Plaintiff. Plaintiff accepted a one-year extension of its contract on December 30, 2008, just weeks after the 2008 RFC had been promulgated.

5

Plaintiff responded to the 2008 RFC, as did its competitor, but Plaintiff did not gain certification under the 2008 RFC before it was cancelled. Defendant appears to have been well within its authority to cancel the 2008 RFC, especially in response to allegations of unfair dealings by a state agency. *See, e.g.,* N.C. Gen. Stat. § 143-129(b) (providing that "[p]roposals may be rejected for any reason determined by the board or governing body to be in the best interest of the unit"). When the 2008 RFC was cancelled in March 2010, Plaintiff's extension contract with Defendant remained intact and Plaintiff continued (and continues) to provide BAIIC services on a month-to-month basis.

It appears to the Court that Plaintiff had only a unilateral expectation, albeit to have been based on past experience, that it would remain a BAIIC provider for Defendant. The Court cannot find, based on Plaintiff's allegations, that Plaintiff has a legitimate entitlement to the enforcement of the 2008 RFC. The Court finds, therefore, that Plaintiff has no property interest in the 2008 RFC, and thus suffered no injury in fact when Defendant terminated the 2008 RFC. Accordingly, Plaintiff does not have standing to assert a claim that Defendant violated either its procedural or its substantive due process rights when it terminated the 2008 RFC.

Plaintiff also claims that Defendant has denied Plaintiff equal protection of the law in violation of the 14th Amendment. Defendant has moved to dismiss Plaintiff's equal protection claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough

facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

Plaintiff claims it is a class of one, and may bring such an equal protection claim if it can show that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has made no allegations that would support a class of one equal protection claim; on the contrary, Plaintiff has been a part of Defendant's BAIID program since its inception, was at one time under a sole-source contract for BAIID services, and remains a provider of BAIID services today. Plaintiff argues that it was treated differently from its competitor during the 2008 RFC process, but such a basis cannot support its claim as Plaintiff was not denied an opportunity to compete during the 2008 RFC process, Plaintiff did not request an extension of time to gain certification (as its competitor had), and ultimately no provider was certified under the 2008 RFC. Because Plaintiff has not shown that it has been treated differently from others similarly situated, it has failed to make sufficient allegations of an equal protection claim.

## CONCLUSION

The Court finds that Plaintiff lacks standing to bring its claims for denial of procedural and substantive due process and that Plaintiff has failed to state a claim upon which relief can be granted with regard to its equal protection claim. Because the Court finds that Plaintiff's claims

warrant dismissal, it need not consider Plaintiff's request for a preliminary injunction.

Accordingly, for the reasons discussed above, Plaintiff's complaint in this action is DISMISSED and its Motion for Preliminary Injunction is DENIED AS MOOT. The Clerk is hereby DIRECTED to enter judgment in this matter.


SO ORDERED, this 20 day of January, 2012.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE